# Ex. A

Chapter 612

**(Senate Bill 1)**

AN ACT concerning

**Public Safety – Law Enforcement Officers – ~~Prohibition on~~ Face Coverings *and Identification***

FOR the purpose of requiring the Maryland Police Training and Standards Commission to develop a certain ~~model~~ uniform policy prohibiting the use of a face covering by a law enforcement officer in the course of duty; *requiring the Commission to develop a certain uniform policy requiring the use of worn identification by a law enforcement officer in the course of duty;* ~~requiring a law enforcement agency to adopt a policy consistent with the model policy developed by the Commission;~~ prohibiting a certain law enforcement officer from wearing a certain face covering while in the performance of duty in the State, with a certain exception; *requiring a certain law enforcement officer to wear identification while in the performance of duty in the State, with a certain exception;* establishing certain procedural requirements applicable to violations of this Act; and generally relating to law enforcement officers.

BY repealing and reenacting, without amendments,
Article – Public Safety
Section 3–201(a) and (b)
Annotated Code of Maryland
(2022 Replacement Volume and 2025 Supplement)

BY adding to
Article – Public Safety
Section 3–207(p) and *(q)*, 3–535*, and 3–536*
Annotated Code of Maryland
(2022 Replacement Volume and 2025 Supplement)

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

**Article – Public Safety**

3–201.

(a) In this subtitle the following words have the meanings indicated.

(b) "Commission" means the Maryland Police Training and Standards Commission.

3–207.

**(P) (1) (I) IN THIS SUBSECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.**

**(II) "FACE COVERING" HAS THE MEANING STATED IN § 3–535 OF THIS TITLE.**

**(III) "LAW ENFORCEMENT AGENCY" HAS THE MEANING STATED IN § 3–535 OF THIS TITLE.**

**(IV) "LAW ENFORCEMENT OFFICER" HAS THE MEANING STATED IN § 3–535 OF THIS TITLE.**

**(2) (I) THE COMMISSION SHALL DEVELOP A ~~MODEL~~ UNIFORM POLICY, TO BE USED BY EACH LAW ENFORCEMENT AGENCY, PROHIBITING THE USE OF A FACE COVERING BY A LAW ENFORCEMENT OFFICER IN THE COURSE OF DUTY CONSISTENT WITH § 3–535 OF THIS TITLE.**

**(II) THE ~~MODEL~~ UNIFORM POLICY DEVELOPED UNDER THIS SUBSECTION SHALL INCLUDE LANGUAGE AFFIRMING:**

**1. THE LAW ENFORCEMENT AGENCY'S COMMITMENT TO TRANSPARENCY, ACCOUNTABILITY, AND PUBLIC TRUST;**

**2. THAT THE AUTHORIZED USE OF FACE COVERINGS SHALL BE LIMITED TO SPECIFIC AND CLEARLY DEFINED CIRCUMSTANCES; AND**

**3. THAT GENERALIZED AND UNDIFFERENTIATED FEAR AND APPREHENSION ABOUT LAW ENFORCEMENT OFFICER SAFETY IS NOT SUFFICIENT TO JUSTIFY THE USE OF FACE COVERINGS.**

**(III) SUBJECT TO SUBPARAGRAPH (II) OF THIS PARAGRAPH, THE UNIFORM POLICY MAY ALLOW FOR USES OF FACE COVERINGS UNDER CIRCUMSTANCES ABSOLUTELY NECESSARY TO PROTECT THE HEALTH OR SAFETY OF LAW ENFORCEMENT OFFICERS WHILE PERFORMING PUBLIC SAFETY FUNCTIONS, INCLUDING THE USE OF FACE COVERINGS DURING INCLEMENT WEATHER.**

~~**(3) A LAW ENFORCEMENT AGENCY WITH LAW ENFORCEMENT OFFICERS OPERATING IN THE STATE SHALL ADOPT A POLICY CONSISTENT WITH THE MODEL POLICY DEVELOPED BY THE COMMISSION UNDER PARAGRAPH (2) OF THIS SUBSECTION.**~~

**(3) A COUNTY, A MUNICIPALITY, OR A LAW ENFORCEMENT AGENCY OF THE STATE OR A POLITICAL SUBDIVISION OF THE STATE MAY NOT ADOPT A**

POLICY, OTHER THAN THE UNIFORM POLICY DEVELOPED BY THE COMMISSION, REGARDING THE USE OF FACE COVERINGS BY LAW ENFORCEMENT OFFICERS.

*(Q) (1) (I) IN THIS SUBSECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.*

*(II) "IDENTIFICATION" HAS THE MEANING STATED IN § 3–536 OF THIS TITLE.*

*(III) "LAW ENFORCEMENT AGENCY" HAS THE MEANING STATED IN § 3–535 OF THIS TITLE.*

*(IV) "LAW ENFORCEMENT OFFICER" HAS THE MEANING STATED IN § 3–535 OF THIS TITLE.*

*(2) (I) THE COMMISSION SHALL DEVELOP A UNIFORM POLICY, TO BE USED BY EACH LAW ENFORCEMENT AGENCY, REQUIRING THE USE OF IDENTIFICATION BY A LAW ENFORCEMENT OFFICER IN THE COURSE OF DUTY CONSISTENT WITH § 3–536 OF THIS TITLE.*

*(II) THE UNIFORM POLICY DEVELOPED UNDER THIS SUBSECTION SHALL INCLUDE LANGUAGE AFFIRMING THE STATE'S INTEREST IN:*

*1. PROMOTING PUBLIC SAFETY;*

*2. PREVENTING LAW ENFORCEMENT IMPERSONATION; AND*

*3. PROMOTING TRANSPARENCY AND ACCOUNTABILITY.*

*(III) THE UNIFORM POLICY DEVELOPED UNDER THIS SUBSECTION SHALL ADDRESS:*

*1. THE SIZE, PLACEMENT, CONTRAST, AND LEGIBILITY OF IDENTIFICATION, INCLUDING REQUIREMENTS TO ENSURE VISIBILITY OF THE IDENTIFICATION FROM A REASONABLE DISTANCE;*

*2. THE WAY IDENTIFICATION MUST BE DISPLAYED ON DIFFERENT TYPES OF UNIFORMS, OUTERWEAR, AND PROTECTIVE CLOTHING, INCLUDING JACKETS, VESTS, AND RAIN GEAR;*

*3. NARROWLY TAILORED CIRCUMSTANCES IN WHICH IDENTIFICATION MAY BE TEMPORARILY OBSCURED DUE TO AN IMMEDIATE THREAT*

***TO LAW ENFORCEMENT OFFICER SAFETY OR PUBLIC SAFETY AND ANY DOCUMENTATION OR AFTER–ACTION REPORTING REQUIRED FOR DEVIATIONS; AND***

***4. TRAINING REQUIREMENTS FOR NEW AND CURRENT LAW ENFORCEMENT OFFICERS ON THE IDENTIFICATION REQUIREMENTS ESTABLISHED UNDER § 3–536 OF THIS TITLE.***

***(3) A COUNTY, A MUNICIPALITY, OR A LAW ENFORCEMENT AGENCY OF THE STATE OR A POLITICAL SUBDIVISION OF THE STATE MAY NOT ADOPT A POLICY, OTHER THAN THE UNIFORM POLICY DEVELOPED BY THE COMMISSION, REQUIRING THE USE OF IDENTIFICATION BY LAW ENFORCEMENT OFFICERS.***

**3–535.**

**(A) (1) IN THIS SECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.**

**(2) (I) "FACE COVERING" MEANS ANY OPAQUE MASK, GARMENT, HELMET, HEADGEAR, OR OTHER ITEM THAT CONCEALS OR OBSCURES THE FACE OF AN INDIVIDUAL.**

**(II) "FACE COVERING" INCLUDES A BALACLAVA, SKI MASK, NECK GAITER, OR TACTICAL MASK.**

**(III) "FACE COVERING" DOES NOT INCLUDE:**

**1. A TRANSLUCENT FACE SHIELD OR CLEAR MASK THAT DOES NOT CONCEAL THE WEARER'S FACE;**

**2. A MEDICAL–GRADE OR SURGICAL MASK WORN TO PROTECT AGAINST THE TRANSMISSION OF DISEASE OR INFECTION;**

**3. A MASK OR AN APPARATUS, SUCH AS A SELF–CONTAINED BREATHING APPARATUS, NECESSARY TO PROTECT AGAINST EXPOSURE TO ANY TOXINS, GAS, SMOKE, OR OTHER HAZARDOUS OR HARMFUL ENVIRONMENTAL CONDITION;**

**4. A MASK, HELMET, SELF–CONTAINED BREATHING APPARATUS, OR OTHER DEVICE NECESSARY FOR UNDERWATER USE;**

**5. A MOTORCYCLE HELMET WHEN WORN BY AN INDIVIDUAL UTILIZING A MOTORCYCLE OR OTHER VEHICLE THAT REQUIRES A HELMET FOR SAFE OPERATIONS;**

6. EYEWEAR NECESSARY TO PROTECT AN INDIVIDUAL FROM THE USE OF RETINAL WEAPONS AND LASERS;

7. A GARMENT WORN FOR RELIGIOUS PURPOSES;

8. PROTECTIVE GEAR WORN DURING TACTICAL OPERATIONS FOR PURPOSES OF PHYSICAL SAFETY; OR

9. ANY OTHER ITEM WORN TO FOLLOW APPLICABLE LAWS ON OCCUPATIONAL HEALTH AND SAFETY OR REASONABLE WORKPLACE ACCOMMODATIONS.

(3) "LAW ENFORCEMENT AGENCY" INCLUDES A LAW ENFORCEMENT AGENCY OF:

(I) THE STATE;

(II) ANOTHER STATE;

(III) A POLITICAL SUBDIVISION OF THE STATE OR ANOTHER STATE; OR

(IV) THE FEDERAL GOVERNMENT.

(4) "LAW ENFORCEMENT OFFICER" MEANS A SWORN MEMBER OF A LAW ENFORCEMENT AGENCY.

(B) THIS SECTION DOES NOT APPLY TO A LAW ENFORCEMENT OFFICER ACTIVELY ENGAGED IN AN UNDERCOVER OPERATION.

(C) A LAW ENFORCEMENT OFFICER MAY NOT WEAR A FACE COVERING WHILE IN THE PERFORMANCE OF DUTY IN THE STATE, EXCEPT AS AUTHORIZED IN ~~A POLICY ADOPTED UNDER § 3–207(P)(3) OF THIS TITLE~~ THE UNIFORM POLICY ADOPTED BY THE MARYLAND POLICE TRAINING AND STANDARDS COMMISSION UNDER § 3–207 OF THIS TITLE.

(D) (1) A LAW ENFORCEMENT OFFICER WHO VIOLATES THIS SECTION~~:~~

~~(I)~~ IS GUILTY OF A ~~MISDEMEANOR~~ CIVIL OFFENSE AND ON CONVICTION IS SUBJECT TO ~~IMPRISONMENT NOT EXCEEDING 2 YEARS OR~~ A FINE NOT EXCEEDING ~~$2,000 OR BOTH; AND~~

~~(II) WAIVES ALL IMMUNITY IN A CIVIL ACTION BASED ON THE VIOLATION~~ **$1,500**.

**(2) A VIOLATION OF THIS SECTION CONSTITUTES POLICE MISCONDUCT FOR PURPOSES OF SUBTITLE 1 OF THIS TITLE.**

**(E) (1) A POLICE OFFICER MAY ISSUE A CITATION TO A LAW ENFORCEMENT OFFICER WHO THE POLICE OFFICER HAS PROBABLE CAUSE TO BELIEVE IS COMMITTING OR HAS COMMITTED A VIOLATION OF THIS SECTION.**

**(2) ADJUDICATION UNDER THIS SECTION:**

**(I) IS NOT A CRIMINAL CONVICTION FOR ANY PURPOSE; AND**

**(II) DOES NOT IMPOSE ANY OF THE CIVIL DISABILITIES THAT MAY RESULT FROM A CRIMINAL CONVICTION.**

**(3) A CITATION ISSUED UNDER THIS SECTION SHALL BE SIGNED BY THE POLICE OFFICER WHO ISSUED THE CITATION AND SHALL CONTAIN:**

**(I) THE NAME AND ADDRESS OF THE LAW ENFORCEMENT OFFICER CHARGED;**

**(II) THE STATUTE ALLEGEDLY VIOLATED;**

**(III) THE DATE, LOCATION, AND TIME THAT THE VIOLATION OCCURRED;**

**(IV) THE FINE THAT MAY BE IMPOSED;**

**(V) A NOTICE STATING THAT PREPAYMENT OF THE FINE IS ALLOWED; AND**

**(VI) A NOTICE THAT STATES THAT THE DISTRICT COURT SHALL PROMPTLY SEND THE LAW ENFORCEMENT OFFICER A SUMMONS TO APPEAR FOR TRIAL.**

**(4) (I) THE FORM OF THE CITATION SHALL BE UNIFORM THROUGHOUT THE STATE AND SHALL BE PRESCRIBED BY THE DISTRICT COURT.**

**(II) THE CHIEF JUDGE OF THE DISTRICT COURT SHALL ESTABLISH A SCHEDULE FOR THE PREPAYMENT OF A FINE FOR A VIOLATION OF THIS SECTION.**

(5) (I) THE LAW ENFORCEMENT AGENCY OF THE POLICE OFFICER WHO ISSUED THE CITATION SHALL FORWARD TO THE DISTRICT COURT HAVING VENUE A COPY OF THE CITATION AND A REQUEST FOR TRIAL.

(II) THE DISTRICT COURT SHALL PROMPTLY SCHEDULE THE CASE FOR TRIAL AND SUMMON THE DEFENDANT TO APPEAR.

(6) IN ANY PROCEEDING FOR A CIVIL OFFENSE UNDER THIS SECTION:

(I) THE STATE HAS THE BURDEN TO PROVE THE GUILT OF THE DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE;

(II) THE COURT SHALL APPLY THE EVIDENTIARY STANDARDS AS PRESCRIBED BY LAW OR RULE FOR THE TRIAL OF CRIMINAL CAUSES;

(III) THE COURT SHALL ENSURE THAT THE DEFENDANT HAS RECEIVED A COPY OF THE CHARGES AGAINST THE DEFENDANT AND THAT THE DEFENDANT UNDERSTANDS THOSE CHARGES;

(IV) THE DEFENDANT IS ENTITLED TO CROSS–EXAMINE ALL WITNESSES WHO APPEAR AGAINST THE DEFENDANT, TO PRODUCE EVIDENCE OR WITNESSES ON BEHALF OF THE DEFENDANT, OR TO TESTIFY ON THE DEFENDANT'S OWN BEHALF, IF THE DEFENDANT CHOOSES TO DO SO;

(V) THE DEFENDANT IS ENTITLED TO BE REPRESENTED BY COUNSEL OF THE DEFENDANT'S CHOICE AND AT THE EXPENSE OF THE DEFENDANT; AND

(VI) THE DEFENDANT MAY ENTER A PLEA OF GUILTY OR NOT GUILTY, AND THE VERDICT OF THE COURT IN THE CASE SHALL BE:

1. GUILTY OF A CIVIL OFFENSE; OR

2. NOT GUILTY OF A CIVIL OFFENSE.

(7) WHEN A DEFENDANT HAS BEEN FOUND GUILTY OF A CIVIL OFFENSE UNDER THIS SECTION AND A FINE HAS BEEN IMPOSED BY THE COURT, THE COURT MAY DIRECT THAT THE PAYMENT OF THE FINE BE SUSPENDED OR DEFERRED UNDER CONDITIONS THAT THE COURT MAY ESTABLISH.

(8) THE DEFENDANT MAY BE LIABLE FOR THE COSTS OF THE PROCEEDINGS IN THE DISTRICT COURT AND FOR PAYMENT TO THE CRIMINAL INJURIES COMPENSATION FUND.

**(9) (I) A DEFENDANT WHO HAS BEEN FOUND GUILTY OF A CIVIL OFFENSE UNDER THIS SECTION HAS THE SAME RIGHT TO APPEAL OR TO FILE A MOTION FOR A NEW TRIAL OR A MOTION FOR A REVISION OF A JUDGMENT PROVIDED BY LAW IN THE TRIAL OF A CRIMINAL CASE.**

**(II) A MOTION SHALL BE MADE IN THE SAME MANNER AS PROVIDED IN THE TRIAL OF CRIMINAL CASES, AND THE COURT, IN RULING ON THE MOTION, HAS THE SAME AUTHORITY PROVIDED IN THE TRIAL OF CRIMINAL CASES.**

**(10) THE STATE'S ATTORNEY FOR A COUNTY MAY PROSECUTE A CIVIL OFFENSE UNDER THIS SECTION IN THE SAME MANNER AS PROSECUTION OF A VIOLATION OF THE CRIMINAL LAWS OF THE STATE.**

**(11) IN A CIVIL OFFENSE CASE UNDER THIS SECTION, THE STATE'S ATTORNEY MAY:**

**(I) ENTER A NOLLE PROSEQUI IN OR PLACE THE CASE ON THE STET DOCKET; AND**

**(II) EXERCISE AUTHORITY IN THE SAME MANNER AS PRESCRIBED BY LAW FOR VIOLATION OF THE CRIMINAL LAWS OF THE STATE.**

***3–536.***

***(A) (1) IN THIS SECTION THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.***

***(2) "IDENTIFICATION" MEANS A LAW ENFORCEMENT OFFICER'S AGENCY OR DEPARTMENT, LAST NAME, AND BADGE NUMBER OR OTHER IDENTIFICATION NUMBER.***

***(3) "LAW ENFORCEMENT AGENCY" HAS THE MEANING STATED IN § 3–535 OF THIS SUBTITLE.***

***(4) "LAW ENFORCEMENT OFFICER" HAS THE MEANING STATED IN § 3–535 OF THIS SUBTITLE.***

***(B) THIS SECTION DOES NOT APPLY TO A LAW ENFORCEMENT OFFICER WORKING IN A PLAINCLOTHES, NONUNIFORMED, OR UNDERCOVER CAPACITY.***

***(C) (1) A LAW ENFORCEMENT OFFICER SHALL WEAR IDENTIFICATION ON THE LAW ENFORCEMENT OFFICER'S OUTERMOST LAYER OF CLOTHING WHILE IN THE PERFORMANCE OF DUTY IN THE STATE.***

*(2) ON REQUEST OF ANOTHER, A LAW ENFORCEMENT OFFICER SHALL VERBALLY DISCLOSE IDENTIFICATION WHILE IN THE PERFORMANCE OF DUTY IN THE STATE.*

*(D) (1) A LAW ENFORCEMENT OFFICER WHO VIOLATES THIS SECTION IS GUILTY OF A CIVIL OFFENSE AND ON CONVICTION IS SUBJECT TO A FINE NOT EXCEEDING $1,500.*

*(2) A VIOLATION OF THIS SECTION CONSTITUTES POLICE MISCONDUCT FOR PURPOSES OF SUBTITLE 1 OF THIS TITLE.*

*(E) (1) A POLICE OFFICER MAY ISSUE A CITATION TO A LAW ENFORCEMENT OFFICER WHO THE POLICE OFFICER HAS PROBABLE CAUSE TO BELIEVE IS COMMITTING OR HAS COMMITTED A VIOLATION OF THIS SECTION.*

*(2) ADJUDICATION UNDER THIS SECTION:*

*(I) IS NOT A CRIMINAL CONVICTION FOR ANY PURPOSE; AND*

*(II) DOES NOT IMPOSE ANY OF THE CIVIL DISABILITIES THAT MAY RESULT FROM A CRIMINAL CONVICTION.*

*(3) A CITATION ISSUED UNDER THIS SECTION SHALL BE SIGNED BY THE POLICE OFFICER WHO ISSUED THE CITATION AND SHALL CONTAIN:*

*(I) THE NAME AND ADDRESS OF THE LAW ENFORCEMENT OFFICER CHARGED;*

*(II) THE STATUTE ALLEGEDLY VIOLATED;*

*(III) THE DATE, LOCATION, AND TIME THAT THE VIOLATION OCCURRED;*

*(IV) THE FINE THAT MAY BE IMPOSED;*

*(V) A NOTICE STATING THAT PREPAYMENT OF THE FINE IS ALLOWED; AND*

*(VI) A NOTICE THAT STATES THAT THE DISTRICT COURT SHALL PROMPTLY SEND THE LAW ENFORCEMENT OFFICER A SUMMONS TO APPEAR FOR TRIAL.*

*(4) (I) THE FORM OF THE CITATION SHALL BE UNIFORM THROUGHOUT THE STATE AND SHALL BE PRESCRIBED BY THE DISTRICT COURT.*

*(II) THE CHIEF JUDGE OF THE DISTRICT COURT SHALL ESTABLISH A SCHEDULE FOR THE PREPAYMENT OF A FINE FOR A VIOLATION OF THIS SECTION.*

*(5) (I) THE LAW ENFORCEMENT AGENCY OF THE POLICE OFFICER WHO ISSUED THE CITATION SHALL FORWARD TO THE DISTRICT COURT HAVING VENUE A COPY OF THE CITATION AND A REQUEST FOR TRIAL.*

*(II) THE DISTRICT COURT SHALL PROMPTLY SCHEDULE THE CASE FOR TRIAL AND SUMMON THE DEFENDANT TO APPEAR.*

*(6) IN ANY PROCEEDING FOR A CIVIL OFFENSE UNDER THIS SECTION:*

*(I) THE STATE HAS THE BURDEN TO PROVE THE GUILT OF THE DEFENDANT BY A PREPONDERANCE OF THE EVIDENCE;*

*(II) THE COURT SHALL APPLY THE EVIDENTIARY STANDARDS AS PRESCRIBED BY LAW OR RULE FOR THE TRIAL OF CRIMINAL CASES;*

*(III) THE COURT SHALL ENSURE THAT THE DEFENDANT HAS RECEIVED A COPY OF THE CHARGES AGAINST THE DEFENDANT AND THAT THE DEFENDANT UNDERSTANDS THOSE CHARGES;*

*(IV) THE DEFENDANT IS ENTITLED TO CROSS–EXAMINE ALL WITNESSES WHO APPEAR AGAINST THE DEFENDANT, TO PRODUCE EVIDENCE OR WITNESSES ON BEHALF OF THE DEFENDANT, OR TO TESTIFY ON THE DEFENDANT'S OWN BEHALF, IF THE DEFENDANT CHOOSES TO DO SO;*

*(V) THE DEFENDANT IS ENTITLED TO BE REPRESENTED BY COUNSEL OF THE DEFENDANT'S CHOICE AND AT THE EXPENSE OF THE DEFENDANT; AND*

*(VI) THE DEFENDANT MAY ENTER A PLEA OF GUILTY OR NOT GUILTY, AND THE VERDICT OF THE COURT IN THE CASE SHALL BE:*

*1. GUILTY OF A CIVIL OFFENSE; OR*

*2. NOT GUILTY OF A CIVIL OFFENSE.*

*(7) WHEN A DEFENDANT HAS BEEN FOUND GUILTY OF A CIVIL OFFENSE UNDER THIS SECTION AND A FINE HAS BEEN IMPOSED BY THE COURT, THE COURT MAY DIRECT THAT THE PAYMENT OF THE FINE BE SUSPENDED OR DEFERRED UNDER CONDITIONS THAT THE COURT MAY ESTABLISH.*

*(8) THE DEFENDANT MAY BE LIABLE FOR THE COSTS OF THE PROCEEDINGS IN THE DISTRICT COURT AND FOR PAYMENT TO THE CRIMINAL INJURIES COMPENSATION FUND.*

*(9) (I) A DEFENDANT WHO HAS BEEN FOUND GUILTY OF A CIVIL OFFENSE UNDER THIS SECTION HAS THE SAME RIGHT TO APPEAL OR TO FILE A MOTION FOR A NEW TRIAL OR A MOTION FOR A REVISION OF A JUDGMENT PROVIDED BY LAW IN THE TRIAL OF A CRIMINAL CASE.*

*(II) A MOTION SHALL BE MADE IN THE SAME MANNER AS PROVIDED IN THE TRIAL OF CRIMINAL CASES, AND THE COURT, IN RULING ON THE MOTION, HAS THE SAME AUTHORITY PROVIDED IN THE TRIAL OF CRIMINAL CASES.*

*(10) THE STATE'S ATTORNEY FOR A COUNTY MAY PROSECUTE A CIVIL OFFENSE UNDER THIS SECTION IN THE SAME MANNER AS PROSECUTION OF A VIOLATION OF THE CRIMINAL LAWS OF THE STATE.*

*(11) IN A CIVIL OFFENSE CASE UNDER THIS SECTION, THE STATE'S ATTORNEY MAY:*

*(I) ENTER A NOLLE PROSEQUI IN OR PLACE THE CASE ON THE STET DOCKET; AND*

*(II) EXERCISE AUTHORITY IN THE SAME MANNER AS PRESCRIBED BY LAW FOR VIOLATION OF THE CRIMINAL LAWS OF THE STATE.*

SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2026.

**Approved by the Governor, May 26, 2026.**