# Ex. 1

# POLICE TRAINING AND STANDARDS COMMISSION

## UNIFORM POLICY

## Face Coverings and Identification

**Senate Bill 1, Chapter 612, 2026 Legislative Session**
**Public Safety Article, §§3-207(p)and(q), 3-536, and 3-537, Annotated Code of Maryland**

*Adopted by the Police Training and Standards Commission, September 2, 2026*
*Revised October 7, 2026*

# FACE COVERINGS and UNIFORM IDENTIFICATION

**EFFECTIVE: 10/01/2026**

## I. PURPOSE

This policy establishes uniform procedures for the wearing of face coverings and the required use of identification by a law enforcement officer while in the performance of their duties. These mandatory standards ensure members of the public can easily identify law enforcement officers operating within the State of Maryland, providing public transparency, officer accountability, and professionalism.

## II. POLICY

All law enforcement officers assigned to or operating on behalf of a law enforcement agency within the State of Maryland shall remain clearly identifiable while performing their official duties.

## III. DEFINITIONS

A. "Conversational Distance" means the physical distance at which two individuals can reasonably engage in an unamplified verbal discussion without straining to hear or be heard, and where eye contact and facial expressions can be clearly observed.

B. "Covert investigation" means a discreet investigative method where law enforcement gathers evidence or intelligence of suspected criminal activity without the immediate knowledge of the subject, utilizing tactics such as undercover infiltration, physical or electronic surveillance, and confidential informants.

C. "Face Covering" means any opaque mask, garment, helmet, headgear, or other item that conceals or obscures the face of an individual.

D. "Identification" means a law enforcement officer's agency or department, last name, and badge number or other identification number.

E. "Law Enforcement Agency" means a governmental police force, sheriff's office, or law enforcement organization within the State of Maryland, another state or political subdivision of another state, or the federal government.

F. "Law Enforcement Officer" means a sworn member of a law enforcement agency.

G. "Special Tactical Response" means two or more law enforcement officers, who have been specially trained, and have the ability to execute strategic responses to resolve critical incidents that may exceed the capabilities of traditional law enforcement officers and investigative unit personnel.

## IV. FACE COVERINGS

A. A law enforcement officer is prohibited from wearing a face covering while in the performance of their duties, except as provided in subsection IV.B.

B. A law enforcement officer may wear an agency approved face covering under circumstances necessary to protect the health or safety of the officer while performing public safety functions. The following are exempt from the prohibition:

(1) Translucent face shield or clear mask that does not conceal the face;

(2) Medical grade or surgical mask worn to protect against the transmission of disease or infection;

(3) Mask or self-contained breathing apparatus necessary to protect against exposure to toxins, gas, smoke, or other hazardous or harmful environmental conditions;

(4) A protective mask necessary to safely collect, process, or handle evidence;

(5) Mask, helmet, or self-contained breathing apparatus or device necessary for underwater use;

(6) Motorcycle or bicycle helmet when worn by an officer utilizing a motorcycle, bicycle or other vehicle that requires a helmet for safe operation;

(7) Prescription eyeglasses or standard sunglasses used to block harmful ultraviolet (UV) radiation and bright glare;

(8) Eyewear necessary to protect an individual from the use of retinal weapons or lasers;

(9) Protective tactical gear worn during a special tactical response for the purpose of physical safety;

(10) Garment worn for religious purposes;

(11) A face covering designed to protect an individual from inclement weather, provided the item is worn only while actively exposed to extreme weather elements and is removed when inside or when conditions subside; and

(12) Any other item that is worn to comply with applicable health and occupational laws or approved reasonable workplace accommodations.

C. This section does not apply to a law enforcement officer working in an undercover capacity or on a covert investigation.

D. A generalized and undifferentiated fear and apprehension about law enforcement safety is not sufficient to justify the use of a face covering.

## V. UNIFORM AND VISUAL IDENTIFICATION

A. The wearing of identification on uniforms promotes public safety while preventing law enforcement impersonation.

B. This section does not apply to a law enforcement officer working in an undercover capacity, in plain clothes, in a non-uniformed status, on a covert investigation, or while off duty.

C. The wearing of identification applies to all outermost garments of all uniforms including outerwear and protective clothing including, jackets, vests, and weather gear.

D. The following minimum mandatory identifiers shall be clearly displayed on the outermost garment:

(1) The last name of the law enforcement officer;

(2) A unique employee identification number; and

(3) The name of the law enforcement agency.

E. Display of primary identifiers on uniforms shall be consistent with the following specifications:

(1) **Officer's Last Name**: Must be visible on the front-facing side of the outermost garment, displaying the officer's last name in upper-case lettering. The text size, font, and color contrast must be clearly identifiable from a reasonable conversational distance.

(2) **Identification Number**: Must be visible on the front-facing side of the outermost garment, utilizing a text size and contrast identifiable from a reasonable conversational distance.

(3) **Agency Name**: Must be visible on a primary piece of clothing (such as a shirt, vest, lettering panel or jacket) and be identifiable from a reasonable conversational distance.

F. If a law enforcement officer utilizes a water safety device while on a boat, the required identification must be displayed on the uniform in a manner that is visible at a reasonable conversational distance.

## VI. EXCEPTIONS AND MANDATORY REPORTING

A. If an active field emergency or an imminent, demonstrable threat to the health or safety of an officer requires identification to be temporarily obscured or removed, a deviation from policy is permitted strictly for the duration of the imminent threat.

B. If a law enforcement officer obscures or removes their identification under this section, the officer or agency must document the specific type, context, and duration of the threat in a police report, after-action report, or similar document following established agency protocol.

VII. **COMPLIANCE AND ENFORCEMENT**

A. A law enforcement agency shall ensure all current and newly sworn officers receive training on the uniform identification requirements of this policy.

B. A law enforcement officer who violates this policy, pursuant to Public Safety Article, § 3-536 or § 3-537, Annotated Code of Maryland, is guilty of a civil offense punishable by a fine of up to $1,500.

C. A violation of this policy constitutes police misconduct for purposes of disciplinary action, pursuant to COMAR 12.04.10.

D. A law enforcement agency operating at the state, county, or municipal level in Maryland must implement the Face Coverings and Identification Uniform Policy published by the Maryland Police Training and Standards Commission.

E. An agency is permitted to supplement this policy with more restrictive local uniform standards.

*Source: Public Safety Article, §§3-207(p) and (q), 3-536, and 3-537, Annotated Code of Maryland.*

*Editor's Note (Revised 10/07/2026): The publishers of the Annotated Code of Maryland, with the approval of the Department of Legislative Services, made the following nonsubstantive renumbering changes to the statutes contained in SB0001 subsequent to assigning "§ 3-535" to Protective Body Armor for Law Enforcement Officers:*

- *Substituted "§ 3-536" for "§ 3-535" (Prohibition on Face Coverings by Law Enforcement Officers); and*
- *Substituted "§ 3-537" for "§ 3-536" (Required Identification for Law Enforcement Officers).*

*Editor's Note (Revised 10/07/2026): The reference to COMAR 12.04.09 in Section VII, Paragraph C, has been corrected to reference COMAR 12.04.10 (Uniform State Disciplinary Matrix).*