# Ex. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-04110-JRR |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF MARYLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF ANTHONY D. JONES, COUNTY ATTORNEY**

I, Anthony D. Jones, declare as follows:

1. I am the County Attorney for Prince George's County, Maryland (the "County"). The County Attorney is the chief legal officer of the County. My office is located at 1301 McCormick Drive, Suite 4100, Largo, Maryland.

2. Authority to enforce § 18-124 rests with my office, the County Police Department, and with the State's Attorney for Prince George's County. I submit this declaration in support of Defendant Prince George's County, Maryland's Motion to Dismiss Count II and Opposition to Plaintiff's Motion for Preliminary Injunction.

3. I make this declaration based on my personal knowledge, on my review of County records, and on information made known to me in the course of my official duties. My office advised the Prince George's Council on the legality of CB-008-2026 while the legislation was under consideration by the Council. The records I reviewed include the legislative file for Council Bill CB-008-2026 including drafts of the bill; the codified text of § 18-124; and the enforcement and charging records of the Office of Law. If called as a witness, I could and would testify competently to the matters stated here.

4. Section 18-124 of the Prince George's County Code was repealed and reenacted by Council Bill CB-008-2026, which became law without the County Executive's signature and took effect on April 29, 2026.

5. Since October 1, 2026, Md. Code Ann., Pub. Safety § 3-207(p)(3) and (q)(3) have barred the County from having any policy regarding the use of face coverings by, or requiring the use of identification by, law enforcement officers, other than the uniform policy developed by the Maryland Police Training and Standards Commission. Section 18-124 has been displaced by State law and has been of no force and effect since that date.

6. Prince George's County will take no action to enforce § 18-124 against any law enforcement officer. The County will initiate no citation, arrest, referral, or charge under § 18-124 against any federal law enforcement officer, including for conduct that occurred before October 1, 2026. The County will not rely on any savings provision of County or State law to reach such conduct. The County will give the Court and the United States notice before any change in its position.

7. I am authorized to make the commitments set forth in the preceding paragraph on behalf of Prince George's County, Maryland.

8. Prince George's County supports the Maryland Police Training and Standards Commission's Face Coverings and Identification Uniform Policy, which is now the only policy addressing these subjects that applies in Prince George's County. The County has no intention of reenacting § 18-124 or adopting any other policy on these subjects, which State law forbids it to do. The County will give the Court and the United States notice before any change in its position.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 26, 2026.

Anthony D. Jones
County Attorney
Prince George's County, Maryland